UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEI DI CHEN, et al.,

                Plaintiff,

-v-

DIM SUM PALACE INC, et al.,

                Defendants.

23-cv-1707 (AS)

MEMORANDUM OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the New York State Labor Law, N.Y. Lab. Law § 650 *et seq*., advised the Court that they agreed to a settlement. *See* ECF No. 37. The parties submitted a joint letter explaining the basis for the settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012). *Id.*

The settlement's key terms are a release by Plaintiff of any claims against Defendants related to this action and a payment of $215,000, $24,785 of which will be paid to Plaintiff's counsel Catholic Migration Services, and $4,500 of which will be paid to Plaintiff's counsel WilmerHale solely for reimbursement of costs. *Id.*

## LEGAL STANDARDS

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). "District courts typically evaluate the fairness of a settlement agreement by considering the factors outlined in *Wolinsky*, which include, among others: '(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Id.* (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36)). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Id.*

**DISCUSSION**

The Court has reviewed the joint letter as well as counsel's billing records to support the request for attorney's fees. The Court has considered the factors set forth in *Wolinsky* and determines that both the settlement and attorney's fees and costs are fair and reasonable.

### I. Settlement

First, Plaintiffs claim that their total recoverable amount is $383,279. After attorney's fees, Plaintiff will receive $185,715. This is approximately 48% of Plaintiff's estimated maximum recovery. The Court finds that this amount is fair and reasonable. *See Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement of approximately 25% of alleged damages and noting that "[s]everal courts have approved settlements that provide around one-quarter or one-third of total alleged damages"); *see also Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving FLSA settlement that left Plaintiff with 18% of total alleged damages).

Second, the case is still at its early stages—the parties have not engaged in formal discovery and plaintiff has not sought conditional certification of a class of similarly situated plaintiffs. A settlement prior to the completion of discovery and prior to class certification will both avoid the incurrence of additional expenses and any litigation risk that Plaintiff faces in pursuing her claim. *See Ramirez v. AAM Rest. LLC*, No. 20-CV-4700, 2021 WL 4238170, at *2 (S.D.N.Y. Aug. 2, 2021) (approving settlement and reasoning that "[i]f the litigation were to continue, Defendants would have to expend time and money on further discovery, motion practice, and trial, thereby potentially diminishing amounts available to settle this case").

Third, "the settlement was a product of litigation, where both sides were represented by counsel." *Meigel v. Flowers of the World, NYC, Inc.*, No. 11-CV-465, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (quoting *Johnson v. Brennan,* 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

Finally, nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. In addition, although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (noting that the fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

## II.   Attorney's Fees and Costs

Plaintiff seeks approval of $29,285 in attorney's fees and costs, to be deducted from the $215,000 settlement payment. Courts in this Circuit have approved attorneys' fees of up to 36% of the recovery and this represents just 13.6%. *See Oscar Julian Cardona Uribe v. Presitge Car Care of NY Inc.*, No. 23-CV-1853, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023) (approving FLSA settlement where the plaintiff's counsel received 36% of the settlement funds); *Kassman v. KPMG LLP*, No. 11-CV-3743, 2021 WL 1393296, at *4 (S.D.N.Y. Apr. 12, 2021) (approving FLSA settlement where the plaintiff's counsel received 35% of the settlement funds).

The Court finds further support for the agreed-upon attorney's fees when comparing them to the Plaintiff's counsel's incurred fees and costs. Even when the proposed fees do not exceed an excessive percentage of the total settlement amount, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Santos*, 2021 WL 431451, at *2 (citation omitted). In support of her request, Plaintiff's counsel submitted "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. These records indicate that Plaintiff's counsel incurred over $26,000 of legal fees including a total of at least 90 attorney hours spent on this matter—by just Catholic Migration Services.

The Court has reviewed counsel's billing records in camera and, mindful that courts "need not, and indeed should not, become green-eyeshade accountants," does not believe that they reflect excessive work or staffing for a case of this kind and at this stage of the proceedings. *Fisher*, 948 F.3d at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). In addition, counsel's billing rate—$200 for an associate and $450 for a partner—is commensurate with the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin.*, Ltd., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012) (approving $400 hourly rate); *Santos*, 2021 WL 431451, at *2 (approving $300 hourly rate). Moreover, the amount requested is less than the amount actually billed by Plaintiff's counsel. *See Perez v. Pearl River Pastry, LLC*, No. 21-CV-1259, 2022 WL 14757824, at *3 (S.D.N.Y. Oct. 25, 2022) (approving FLSA settlement where attorney's fees were less than true lodestar amount); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-CV-9632, 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) (same).

## CONCLUSION

Accordingly, the Court approves the settlement and dismisses the case with prejudice. All pending motions are moot. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: November 3, 2023
New York, New York

                                                                                      ARUN SUBRAMANIAN
                                                                                      United States District Judge